ED. FLECKENSTEIN & SONS, PROSECUTOR, v. CLARA RA-
DANKE, RESPONDENT.

Submitted January 30, 1926—Decided May 15, 1926.

Workmen's Compensation—Certiorari to Review Finding of Com-
pensation Bureau and Common Pleas Court—Evidence Ex-
amined and the Various Contentions of Prosecutor Not Sus-
tained—Employe Gave Notice of His Injury, and Going Home
was Treated by Physician, Soon After Which Peritonitis,
Resulting from the Injury, Caused His Death—Writ Denied.

On application for a writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Frank G. Turner*.

For the respondent, *William E. Holmwood*.

PER CURIAM.

This is an application for a writ of *certiorari* to review the
action of the Hudson Common Pleas Court in affirming an
award of the workmen's compensation bureau in awarding
compensation to the petitioner for the death of her husband.

The husband of the respondent died June 10th, 1924. Up
to February 29th, 1924, he had been employed by the prose-
cutor. On that day he complained of having been hurt in
pulling an elevator cable. It also appears that immediately
thereafter he complained to his employer. Prior to that time
his health was good and he worked every day. When he
complained to his employer his employer told him to go
home. He went home and never again returned to his em-
ployment. He laid down awhile and then went to the doctor
the same evening, complaining of pain in his stomach, which
came after the heavy lifting. The doctor advised rest and a
bandage. In March he was operated upon, and that dis-
closed peritonitis due to the injury. He died later as a

result of the injury.   Such, we think, is the effect of the great weight of the evidence.

We have examined the evidence in view of the various contentions of the prosecutor, which are (1) that there was no accident; (2) that deceased was not injured in an accident arising out of and in the course of the employment;   (3) that deceased did not die from the injury, and (4) that the workmen's compensation court had no jurisdiction.   We find no merit in them, and think there is presented no fairly debatable question.

The writ is, accordingly, denied, with costs.